The Honorable ____________________

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

JOCELYN ALLEN; LAWRENCE J. ALLEN; VIVIAN LYNN ALLEN; CAREN BARNES; EMERY BLESSING; HORACE BLINER; ROBERTA BLINER; JASON BOGART; BRENDA BRAMMER; BRETNEY A. BROWNFIELD; DONALD N. CAMPBELL; DEBORAH JEAN CETTOLIN; CAROLE DENISE COGGIN; ROBERT ALLEN COGGIN; ANGELA COMSTOCK; TIMOTHY EUGENE CONNOR; CHRISTINE R. COUNCILMAN; DARYL CRAWFORD; SHAWN CREED-WOOLERY; ANITA DECKER; DANIEL DECKER; KERRI DECKER; SHAWN DECKER; DANIEL ANDREW DOLLOFF; JACOB DOLLOFF; TONI RAE DOLLOFF; JEFFREY DOSCH; KARRIE DOSCH; ALVINE DRAYTON; PATRICIA ANN DUKE; JUANITA DUPONT; DONALD WARREN EDWARDS; TAMMY ELSNER; MICHAEL PATRICK ETHIER; FAY FARRINGTON; LARRY D. FORD, SR.; KENNETH MARK FOREMAN; SHERRI LEE FOREMAN; MICHAEL GESE; AIMEE GREEN; JOSH GREEN; LEE

Removed from the Superior Court of King County, Washington No. 13-2-39949-1 SEA

No. ___________________

**<u>THE BOEING COMPANY'S NOTICE OF REMOVAL</u>**

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

| LYNN HARDY; LISA ANN HARDY; BARRY CURTIS HARMON II; NICOLE HARMON; DONALD R. HAUPT; KARI LYN HERNANDEZ; RONALD A. HOLT; BRIAN JONES; MIKISHA D. JONES; TATIANA JONES; PHYLLIS KAIN; ROBERT KENNICOTT; ANDREY KINAKH; TONY KINGSADA; MICHELLE KLUSMEYER; SONJA LAPPING; BRITTNEY LYNN LICKEY; ROBIN LINDY; WAYNE LINDY; ASHLEY LISENBY; PAULLET LITTLEFIELD; DEIDRE LORENZ; COURTNEY MACISAAC; PAUL MALAVOTTE; RANDOLPH MALILONG; ANNISSA MANOLOVITZ; LISA MARTIN; MARIE MCASKILL; JILL A. MENTZER; JOHN L. MENTZER; VICKI L. MILLS; KAREN MILLSAP; TERRENCE MILLSAP; KYLIE MOREFIELD; ELIZABETH MORGAN; TARA MOTT; CECILY NEILSEN; ANTHONY B. NOCERA; DIANE C. NOCERA; JESSICA PARKER; RICHARD PARKER; PATRICIA PLATTNER; MIKE RAMIREZ; LUDMILLA REDKA; BRIAN REITZ; KATHLEEN RISMOEN; MATTHEW MONTGOMERY ROBERTS; LURA ELAINE ROBERTSON; JANENE M. ROLLINS; CLAUDE ROUGHT; DAN RUDOLPH; DEBORAH A. RYAN; RICHARD R. RYAN; STEVE SANBORN; MICHAEL C. SCOTT; DAVEENE KIM SEARS; GERALD L. SEARS; DARRON SHOOK; LISA SHOOK; STACIE SIPPO; HAROLD A. SPONBERG; PENNY J. SPONBERG; TRENT B. TESTERMAN; BERNADETTE J. TRANHOLT; ROBIN L. TRANHOLT; JEFFREY A. TREKLA; KAREN R. TREKLA; JESSICA A. VAUGHN; GABRIEL WARREN; MAX WERDEN; TINA WERDEN; STACY WILEY; ANTHONY WILLIAMS; CINDA J. ZITTERICH; and RICKY L. | |
|---|---|

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

ZITTERICH;

*Plaintiffs*,

v.

THE BOEING COMPANY,
a Delaware Corporation;
BOEING COMMERCIAL AIRPLANES;
LANDAU ASSOCIATES, INC.,
a Washington Corporation; and
DOES 1–50, inclusive;

*Defendants*.

Defendant The Boeing Company ("Boeing") removes this action from the King County Superior Court to the United States District Court for the Western District of Washington under 28 U.S.C. §§ 1332, 1441, 1453, and 1446.

**FILING AND SERVICE OF COMPLAINT**

1. ***The Complaint and Service.*** On November 22, 2013, 108 homeowners and residents filed a complaint against Boeing, Boeing Commercial Airplanes, Landau Associates, and 50 John Does in King County Superior Court. See First Am. Compl., Ex. A. Plaintiffs did not serve this complaint on any of the defendants.

2. On March 21, 2014, with service still not having been made, Plaintiffs amended the complaint to add claims by eight additional Plaintiffs. *See* Ex. A. Boeing finally received service of Plaintiffs' First Amended Complaint on April 3, 2014. Landau Associates still has not been served.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

3. Plaintiffs allege that they were exposed to hazardous chemicals and incurred property damage as a result of groundwater contamination by hazardous chemicals at and around a fabrication plant in Auburn, Washington, from the 1960s to 1990s. Ex. A ¶ 4.1–4.2, 4.7–4.8, 4.11. They also allege that Boeing and its environmental-remediation contractor, Landau Associates, are liable for negligently investigating, remediating, and cleaning up the contamination and for failing to warn Plaintiffs of the contamination. Ex. A. ¶¶ 4.4, 4.15, 4.17.

4. Based on these allegations, Plaintiffs assert four state-law claims: negligence, nuisance, and trespass claims against Boeing and Does 1–25 and a negligence claim against Landau Associates and Does 26–50. Ex. A ¶¶ 5.2, 5.9, 5.13, 5.24.

5. Plaintiffs seek eight categories of damages: loss of property value; remediation costs; repair or restoration costs; value of the trespass and interference with use and enjoyment of property; medical costs; the costs of future medical monitoring; attorneys' fees; and consequential damages. Ex. A ¶¶ 5.7, 5.11, 5.19, 5.28.

6. ***Attachment of Copies of Pleadings.*** As required by 28 U.S.C. § 1446(a), a copy of Plaintiffs' First Amended Complaint is attached as Exhibit A. Any other process, pleadings, or orders served on Boeing or contained in the state court in this action will be filed, together with the verification of Boeing's counsel, within 14 days of the filing of this Notice, as required by Western District of Washington Local Civil Rule 101(b).

## JURISDICTION AND VENUE

7. ***Basis for Federal Jurisdiction.*** There are two separate and independent grounds for removal. ***First***, this action is removable under 28 U.S.C. § 1441 because there is diversity jurisdiction under § 1332. The only non-diverse defendant, Landau Associates, was fraudulently

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

joined; complete diversity exists between Boeing (the only remaining defendant) and Plaintiffs; and the amount in controversy for each plaintiff exceeds $75,000. ***Second***, this is a removable mass action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1453(b) and 1332(d).

8. ***Venue.*** This case is properly removed to this Court because King County, Washington, where the state-court action was pending, is located in this federal judicial district. *See* 28 U.S.C. §§ 128(b), 1446(a).

**CITIZENSHIP OF THE PARTIES**

9. ***Plaintiffs' Citizenship.*** All Plaintiffs allege that they own properties and reside in King County, Washington. Ex. A ¶¶ 1.1, 1.2–1.117. No Plaintiffs allege that they reside or are domiciled elsewhere. Upon information and belief, Plaintiffs are thus citizens of Washington.

10. ***Defendants' Citizenship.*** Defendant Boeing is a Delaware corporation with its headquarters and principal place of business in Chicago, Illinois (not in Washington, as alleged, *see* Ex. A ¶ 2.1). *See Hertz Corp. v. Friend*, 559 U.S. 77 (2010). Boeing is thus a citizen of Delaware and Illinois. *See* 28 U.S.C. § 1332(c)(1).

11. Boeing Commercial Airplanes is an internal business unit of Boeing, not a separate legal entity as alleged, *see* Ex. A ¶ 2.3. Therefore, the citizenship of Defendant Boeing Commercial Airplanes must be disregarded for purposes of removal. *See* 28 U.S.C. § 1441(a).

12. Defendant Landau Associates, Inc. is a Washington corporation with its principal place of business in Edmonds, Washington. Landau Associates is thus a citizen of Washington. *See* 28 U.S.C. § 1332(c)(1).

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

13. The citizenship of Defendants Does 1–50 must be disregarded for purposes of removal. *See* 28 U.S.C. § 1441(a) ("For purposes of removal under [§ 1441], the citizenship of defendants sued under fictitious names shall be disregarded.").

**BASIS FOR REMOVAL**

**A. Diversity Jurisdiction**

14. Boeing removes this case under 28 U.S.C. § 1441 based on diversity jurisdiction pursuant to § 1332. The only non-diverse defendant, Landau Associates, is fraudulently joined; the remaining parties are completely diverse; and the amount in controversy exceeds $75,000.

15. ***Fraudulent Joinder.*** Fraudulent joinder "is a term of art," whereby joinder of a non-diverse defendant is ignored for purposes of determining diversity jurisdiction "if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (internal quotations and citations omitted). Here, although both Landau Associates and Plaintiffs are Washington citizens, Landau Associates is fraudulently joined because Plaintiffs clearly "fail[ ] to state a cause of action" against it. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). Tellingly, Plaintiffs have not even served Landau Associates yet, despite over five months to do so. Landau Associates's lack of diversity thus does "not defeat removal." *Id.*

a. Landau Associates did not owe Plaintiffs a duty of care as a matter of law. To assert negligence, Plaintiffs must show that Landau Associates owed them a duty of care, breached that duty, were injured as a result, and that the breach was the proximate cause of their injuries. *Zabka v. Bank of Am. Corp.*, 131 Wn. App. 167, 170 (2005).



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Here, Plaintiffs' claims against Landau Associates are clearly without merit because they fail to establish that Landau Associates owed them a duty of care. "Whether a duty of care exists is a matter of law to be decided by the court rather than by a jury." *Foster v. Kosseff*, No. 11-CV-5069-TOR, 2013 WL 1192780, at *4 (E.D. Wash. Mar. 22, 2013). Plaintiffs do not allege any statutory, contractual, or gratuitous duties of care undertaken by Landau Associates. And the only remaining possible source for a duty of care—the common law—limits a contractor's duty of care to third parties to risks within the scope of the contractor's work on the third parties' property. *See, e.g.*, *Foster*, 2013 WL 1192780, at *5; *Burg v. Shannon & Wilson, Inc.*, 110 Wn. App. 798, 803 (2002) (engineering firm hired by City of Seattle had no duty to warn plaintiffs of remedial measures that firm had recommended to City). Here, Plaintiffs do not allege that Landau Associates performed any work (and thus undertook any specific risks) *on* their properties. They allege only that Landau Associates conducted sampling near Plaintiffs' homes. *See* Ex. A. ¶ 4.18. But even if such sampling did take place, it would not mean that Landau Associates owes a duty to every individual in neighborhoods near its sampling; and even if it did, Plaintiffs do not allege any facts suggesting that Landau Associates's sampling near Plaintiffs' homes caused Plaintiffs' injuries. *See, e.g.*, *Reeser v. NGK Metals Corp.*, 247 F. Supp. 2d 626, 630 (E.D. Pa. 2003) (finding fraudulent joinder of environmental-consulting firm performing work on a plant because it "owed no duty to [third-party] plaintiffs who simply resided in the neighborhood of the [] plant").

b. <u>The government-contractor doctrine precludes liability against Landau Associates.</u> Under Washington law, a contractor cannot be held liable to third parties if it

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

performs work "in accordance with government plans and specifications and under the government's supervision." *Graham v. Concord Constr., Inc.*, 100 Wn. App. 851, 855 (2000). Boeing hired Landau Associates, an engineering firm providing environmental remediation services, to execute the Washington State Department of Ecology's (hereinafter "Ecology") remediation plan. Ex. A. ¶¶ 4.10. Ecology oversees, manages, reviews, and approves each step of the plan. Landau Associates is thus immune from Plaintiffs' claims that Landau acted negligently by performing in accordance with Ecology's remediation plan. And Plaintiffs do not allege that Landau Associates negligently performed its contractual duties under Ecology's plan. *See Sager v. City of Spokane,* No. 22438-4-III, 2005 WL 429521, at *4 (Wash. Ct. App. Feb. 24, 2005) (affirming that Washington law "consistently provide[s] that a [government] contractor's liability is limited to those acts of negligence arising from work performed pursuant to the contract").

16. ***Complete Diversity of Remaining Parties.*** Boeing is the only remaining defendant, since both Boeing Commercial Airplanes (a non-entity) and Does 1–50 (fictitious defendants) must be disregarded for purposes of removal. *See* 28 U.S.C. § 1441(a); *see supra* para. 11, 13. Boeing, a citizen of Delaware and Illinois, is thus completely diverse from the Washington Plaintiffs—none of whom are alleged to be citizens of Delaware or Illinois.

17. ***Amount in controversy.*** It appears from the face of the complaint that more than $75,000 is at stake for each Plaintiff's claims. Each Plaintiff seeks eight categories of damages relating to alleged contamination, investigation, and clean-up: their property's lost value; remediation costs; repair or restoration costs; the value of the continuous trespass and

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

interference with her use of her property; medical costs; the costs of future medical monitoring; attorneys' fees; and consequential damages. Ex. A ¶¶ 5.7, 5.11, 5.19, 5.28. These types of damages total well over $75,000.

**B. CAFA Mass Action**

18. This action is also removable as a mass action under CAFA. All five jurisdictional requirements are met: (1) 100 or more plaintiffs seek monetary relief; (2) the plaintiffs' claims are proposed to be tried jointly based on common factual or legal questions; (3) minimal diversity of citizenship exists between at least one plaintiff and one defendant; (4) the plaintiffs' claims, when aggregated, put more than $5 million in controversy; and (5) at least one plaintiff's claim puts more than $75,000 in controversy. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 680–82 (9th Cir. 2006) (per curiam).

19. ***More than 100 Plaintiffs.*** This action is brought by 116 Plaintiffs, which exceeds CAFA's requirement that a removable mass action consist of more than 100 plaintiffs. 28 U.S.C. § 1332(d)(11)(B)(i).

20. ***Joined Claims Based on Common Factual and Legal Questions.*** Under 28 U.S.C. § 1332(d)(11)(B)(i), the plaintiffs' claims must be "proposed to be tried jointly" because they "involve common questions of law or fact." Plaintiffs' claims against Boeing all arise from common sets of alleged facts: (a) Boeing's allegedly negligent release of TCE into the environment, and (b) Boeing's and Landau's alleged failures "to reasonably investigate, remediate, clean up, contain, minimize movement of, and eliminate" the contamination or warn Plaintiffs of the contamination. Ex. A ¶¶ 5.3–5.4, 5.9, 5.13, 5.16, 5.23–5.24.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

21. ***Minimal Diversity of Citizenship.*** Under 28 U.S.C. § 1332(d)(2)(A), at least one plaintiff must be a citizen of a different state than at least one defendant. Boeing is a citizen of both Delaware and Illinois, all Plaintiffs are citizens of Washington, and none of Plaintiffs are alleged to be citizens of Illinois or Delaware. Minimal diversity thus exists between Boeing and Plaintiffs. In fact, on information and belief, there is complete diversity between the parties.

22. ***$5 Million Aggregate Amount in Controversy.*** It appears from the face of the First Amended Complaint that Plaintiffs' aggregated claims seek damages that exceed $5 million. 28 U.S.C. §§ 1332(d)(11)(A), 1332(d)(2), 1132(d)(6).

23. ***More Than $75,000 in Controversy for At Least One Plaintiff's Claim.*** Likewise, it appears from the face of the First Amended Complaint that claims of at least one plaintiff seek damages exceeding $75,000. *See supra* para. 17, 22.

**PROCEDURAL MATTERS**

24. ***Timeliness of Removal.*** Because this Notice of Removal was filed within thirty days after Boeing was served with the complaint, removal is timely under 28 U.S.C. § 1446(b).

25. ***Consent.*** The consent of Landau Associates is not required under 28 U.S.C. § 1446(b)(2)(A). First, this action is not "removed solely under section 1441(a)," *id.*, because it is also removed as mass action under 28 U.S.C. § 1453(b). Second, Landau Associates has not been "properly joined and served." 28 U.S.C. § 1446(b)(2)(A).

26. ***Notice of Filing Notice of Removal.*** As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be served on all parties and filed with the Superior Court of King County, Washington.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**INTRADISTRICT ASSIGNMENT**

27. This action should be assigned to the Seattle Division because the state-court action was pending in King County and all the claims are alleged to have arisen in King County. *See* Local Rule W.D. Wash. 3(d)(1).

Dated: April 22, 2014

Respectfully submitted,

*/s/ Jeffrey M. Hanson*

Jeffrey M. Hanson, Bar No. 34871
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000
*JHanson@perkinscoie.com*

Kevin T. Van Wart, P.C.
(*pro hac vice motion forthcoming*)
Michael F. Williams
(*pro hac vice motion forthcoming*)
Peter A. Farrell
(*pro hac vice motion forthcoming*)
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
Phone: (202) 879-5000
Fax: (202) 879-5200
*kevin.vanwart@kirkland.com*
*michael.williams@kirkland.com*
*peter.farrell@kirkland.com*

*Attorneys for The Boeing Company and Boeing Commercial Airplanes*

**CERTIFICATE OF SERVICE**

I certify that on April 22, 2014, I electronically filed the foregoing The Boeing Company's Notice of Removal with the Clerk of the Court using the CM/ECF system. In addition, on April 23, 2014, I caused service to be made on the attorneys of record by the method(s) indicated:

| | | |
|---|---|---|
| Thomas V. Girardi<br>Shawn J. McCann<br>GIRARDI \| KEESE<br>1126 Wilshire Boulevard<br>Los Angeles, CA 90017-1904<br>Phone: (213) 977-0211<br>Fax: (213) 481-1554 | ____<br>_X_<br><br>____<br>____<br>____ | Via hand delivery<br>Via U.S. Mail, 1st Class, Postage Prepaid<br>Via Overnight Delivery<br>Via Facsimile<br>Via Email |
| Thomas V. Vertetis<br>PFAU, COCHRAN, VERTETIS, AMALA PLLC<br>911 Pacific Ave., Suite 200<br>Tacoma, WA 98402-4413<br>Phone: (253) 777-0799<br>Fax: (253) 627-0654<br>*tom@pcvalaw.com* | _X_<br>____<br><br>____<br>____<br>____ | Via hand delivery<br>Via U.S. Mail, 1st Class, Postage Prepaid<br>Via Overnight Delivery<br>Via Facsimile<br>Via Email |
| VITITOE LAW GROUP LLC<br>5707 Corsa Ave.<br>Second Floor<br>Westlake Village, CA 91362<br>Phone: (818) 991-8900<br>Fax: (818) 991-6200<br><br>*Attorneys for Plaintiffs* | ____<br>_X_<br><br>____<br>____<br>____ | Via hand delivery<br>Via U.S. Mail, 1st Class, Postage Prepaid<br>Via Overnight Delivery<br>Via Facsimile<br>Via Email |
| Michael A. Nesteroff<br>LANE POWELL PC<br>1420 Fifth Ave., Suite 4200<br>P.O. Box 91302<br>Seattle, WA 98111-9402<br>Phone: (206) 223-7000<br>Fax: (206) 223-7107<br>*nesteroffm@lanepowell.com*<br><br>*Attorneys for Defendant Landau Associates, Inc.* | _X_<br>____<br><br>____<br>____<br>____ | Via hand delivery<br>Via U.S. Mail, 1st Class, Postage Prepaid<br>Via Overnight Delivery<br>Via Facsimile<br>Via Email |

I certify under penalty of perjury that the foregoing is true and correct.

DATED this 22nd day of April, 2014.

*s/ Jeffrey M. Hanson*, WSBA No. 34871
Attorneys for The Boeing Company and Boeing Commercial Airplanes
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
Email: jhanson@perkinscoie.com

Boeing Defs.' Notice of Removal
No. ____________
03007-0009/92002636.1

13

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000